hKLEES, Chief Judge.
On January 7, 1998, the defendant, Norma Richardson a/k/a Norma Baptiste, was charged by bill of information with possession of cocaine in violation of La. R.S. 40:967. The defendant failed to appear for her scheduled arraignment on January 29, 1998. She was subsequently arrested on April 18, 1998. The defendant entered a plea of not guilty at her arraignment on May 7, 1998. A preliminary and suppression hearing was held on May 14, 1998. The trial court found probable cause' and denied defendant’s motion to suppress evidence. After a jury trial, the defendant was found guilty as charged. The trial court ordered a presentence investigative report. On August 3, 1998, the defendant filed a motion for post verdict judgment of acquittal. The trial court denied the defendant’s motion. On the same day, the defendant waived legal delays, and the trial court sentenced the defendant to serve three years at hard labor. The trial court suspended the sentence and placed the defendant on five years active probation. The trial court also imposed the following conditions: (1) twenty random drug tests; (2) substance abuse counseling; (3) obtain full time employment; (4) obtain a GED; (5) participation in the Intensive Probation program for the first year; (6) pay six hundred dollars to the Judicial Expense Fund; (7) pay one hundred dollars to the Indigent Transcript Fun; (8) pay one hundred dollars to the Orleans Indigent Defender Program; (9) pay fifty dollars to the Louisiana Commission on Law Enforcement; (10) pay fifty dollars to the Victims Reparation Fund and (11) pay twenty dollars a month as a cost of the active and supervised probation.
[.STATEMENT OF FACTS
At approximately 2:30 am. on November 27, 1998, New Orleans Police Officer Gwendolyn Nolan make a traffic stop of a vehicle in which the defendant was a passenger. The officer had stopped the vehicle for having an improperly displayed license plate. Officer Nolan approached the driver of the vehicle, a black male, and asked him for a driver’s license, vehicle registration and proof of insurance. When the officer ran the driver’s license number, it came back as registered to a white female. The driver then gave the officer an identification with another name and social security number. Since the driver gave *335 the officer a false driver’s license, the driver was arrested. Officer Nolan then asked the defendant to get out of the car and produce some type of identification. Officer Nolan thought that the defendant might be able to drive the vehicle. The defendant did not have a driver’s license and gave Officer Nolan two different names. Thereafter, Officer Nolan conducted a pat down search for her safety. During the pat down search, Officer Nolan felt a large object in the defendant’s right front pocket. Officer Nolan testified that the object felt like a crack pipe. The officer took the object out of the defendant’s pocket. It was a five-inch glass crack pipe with cocaine residue in it. The defendant was then arrested.
Officer Theresa Lamb, a criminalist with the New Orleans Police Department Crime Lab, testified that the residue in the pipe testified positive for cocaine.
ERRORS PATENT
A review of the record for errors patent reveals none.

DISCUSSION

1 ¡¡ASSIGNMENT OF ERROR NUMBER 1
In her sole assignment of error, the defendant contends that the prosecutor’s improper remarks during closing argument deprived her of a fair trial. The remarks of which the defendant complains occurred during the state’s rebuttal argument and concerned the testimony of the Officer Lamb, the criminalist.
BY MS. PALMISANO:
You heard the criminalist tell you that cocaine is different from nicotine, that when nicotine burns, it burns off a byproduct, but when cocaine burns, it forms a gas which then collects in pure form so this residue is again pure cocaine. And think to yourself, ladies and gentlemen, why would you have a piece of jagged glass burnt on one end coveted in your pocket? What reason? The cocaine residue. Otherwise, this thing has no value. The value is the -residue, the cocaine. The pure cocaine that when lit again, can give you a high without another rock, without spending anymore money. You get an extra high off the residue. And that’s why she kept it in her pocket.
Although under La.C.Cr.P. art. 774 closing argument must be “confined to the record evidence and the inferences which can reasonably be drawn therefrom,” both sides may still draw their own conclusions from the evidence and convey such view to the jury. State v. Langley, 95-1489 (La.4/14/98), 711 So.2d 651; State v. Moore, 432 So.2d 209, 221 (La.1983), cert. denied, 464 U.S. 986, 104 S.Ct. 435, 78 L.Ed.2d 367 (1983).
In the present case, Officer Lamb testified that “[w]hen a cigarette burns, it leaves ash and smoke. When cocaine is heated, it does not burn in the same way. It goes into a gaseous state and then when it hits the cool glass, the gas is redeposited against the walls of the tube as pure cocaine.” Thus, the prosecutor was simply drawing a conclusion from Officer Lamb’s testimony as to why the defendant kept the glass pipe in her pocket. He was using the testimony to infer |4that the defendant knew that the glass pipe contained cocaine. Such argument is clearly permissible and within the scope of article 774.
This assignment of error is without merit.
Accordingly, the conviction and sentence of Norma Richard a/k/a Norma Baptiste are affirmed.
AFFIRMED.